THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRIS ONOCHIE, | CASE NO. C18-1696-JCC |
| Plaintiff, | ORDER |
| v. | |
| DANIELLE DANG, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendants Danielle Dang, Simratpal Singh, and On Bong Wong's (collectively, "Individual Defendants") motion to dismiss (Dkt. No. 25). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiff Chris Onochie is a former employee of the United States Postal Service ("USPS"). (*See generally* Dkt. No. 3.) Individual Defendants were Plaintiff's supervisors at USPS. (*See id.*; Dkt. No. 25 at 1.) In his complaint, Plaintiff asserts the following claim:

> Plaintiff seeks damages due to being discriminated again[st] in violation of Title VII because the defendants felt Plaintiff was not carrying his load while at work. Plaintiff injured his back and could not keep up. Defendants, his Supervisors, refused to give him a slip to take to the doctor. Plaintiff felt that he had no option but to quit to seek medical attention, which he did.

(Dkt. No. 3 at 4.) Plaintiff indicated that he seeks the following relief:

> When he asked for his job back, the answer was NO. The doctor determined that he injured his back. For the unfair treatment of [Plaintiff,] he is seeking damages for [being] forc[ed] to continue working while injured, losing his job[,] and [Plaintiff] feels discriminated against; he is seeking $250,000.

(*Id.* at 5.)

Plaintiff brings claims against Individual Defendants, the Postmaster General, and Uhang Lee.[1] (*See id.*) Individual Defendants move the Court to dismiss the lawsuit against themselves pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 25.) Plaintiff failed to respond to Individual Defendants' motion to dismiss.

## II. DISCUSSION

### A. Federal Rule of Civil Procedure 12(b)(6) Legal Standard

A defendant may move to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. A plaintiff is obligated to provide grounds for his or her entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

"[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." W.D. Wash. Local Civ. R. 7(b)(2).

---

[1] Plaintiff identifies Uhang Lee as a "Bulk Mail Tech." (*Id.* at 2.) Uhang Lee has not appeared in this lawsuit, and has not been identified as an Individual Defendant. (*See generally* Dkt. No. 25.)

Construing Plaintiff's complaint broadly, the only claims that Plaintiff could be asserting are for disability discrimination or age discrimination. (*See* Dkt. No. 3.) Therefore, the Court analyzes both potential claims.

### B. Disability Discrimination Claim

The exclusive remedy for a federal employee claiming disability discrimination is under the Rehabilitation Act of 1973. *See Johnston v. Horne*, 875 F.2d 1415, 1418–19 (9th Cir. 1989); *Cornette v. Potter*, Case No. C09-5373-BHS, Dkt. No. 48 at 5 (W.D. Wash. 2009). Plaintiff's Rehabilitation Act claim may only be brought against the head of his employing department, agency, or unit. *See Johnston*, 875 F.2d at 1418–19; 42 U.S.C. § 2000e-16(c). Therefore, Individual Defendants' motion to dismiss Plaintiff's disability discrimination claim as to them is GRANTED.

### C. Age Discrimination Claim

The Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a, is the sole remedy for federal employees suffering from age discrimination in their employment. *See Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir. 1986); *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1057, 1057 n.5 (9th Cir. 2009). As with Plaintiff's Rehabilitation Act claim, Plaintiff's ADEA claim may only be brought against the head of his employing department, agency, or unit. *See id.*; 42 U.S.C. § 2000e-16(c); *see also Miller v. Maxwell's Int'l Inc.*, 991 F.3d 583, 587–88 (9th Cir. 1993). Therefore, Individual Defendants' motion to dismiss Plaintiff's age discrimination claim as to them is GRANTED.

## III. CONCLUSION

For the foregoing reasons, Individual Defendants' motion to dismiss (Dkt. No. 25) is GRANTED. Plaintiff's claims against Defendants Danielle Dang, Simratpal Singh, and On Bong Wong are DISMISSED with prejudice.

//

//

DATED this 2nd day of August 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE